Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126 |
| JUDY A. TANAKA | 5369 |
| NICKOLAS A. KACPROWSKI | 8627 |
| MAILE OSIKA | 9826 |

1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:  palston@ahfi.com
         judy.tanaka@ahfi.com
         nkacprowski@ahfi.com
         mosika@ahfi.com

Attorneys for Defendant
PUNA GEOTHERMAL
VENTURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GEORGE DOUVRIS, STEPHANIE DOUVRIS, MICHAEL HALE, CHERYL CAROCCI, HILLARY E. WILT and CHRISTINA BRYAN, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PUNA GEOTHERMAL VENTURE, a Hawai`i | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 BASED UPON DIVERSITY JURISDICTION (28 U.S.C. § 1332);** EXHIBIT "1"; CERTIFICATE OF SERVICE |

Partnership, DOE DEFENDANTS 1-10,

       Defendants.

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 BASED UPON DIVERSITY JURISDICTION (28 U.S.C.§ 1332)**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR HAWAI`I, AND THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441, and for the sole purpose of removing this matter from the Circuit Court of the Third Circuit of Hawai`i, as Civil No. 16-1-0290, to this United States District Court, District of Hawai`i, Defendant Puna Geothermal Venture ("PGV") states that removal is proper for the following reasons:

      1.    On August 5, 2016, Plaintiffs George Douvris, Stephanie Douvris, Michael Hale, Cheryl Carocci, Hillary E. Wilt, and Christina Bryan, for themselves and on behalf of all others similarly situated ("Plaintiffs"), filed their Complaint against PGV and Doe Defendants 1-10 in the Circuit Court of the Third Circuit of Hawai`i (*Douvris et al. v. Puna Geothermal Venture et al.*), Civil No. 16-1-0290.  A true and correct copy of the filed *Class Action*

*Complaint for Damages & Injunctive Relief; Demand for Jury Trial; Summons* ("Complaint") is attached hereto as Exhibit "1."

  2. In their Complaint, Plaintiffs assert claims for Negligence (First Claim for Relief), Strict Liability (Second Claim for Relief), Trespass (Third Claim for Relief), Nuisance (Fourth Claim for Relief), and Negligent & Intentional Infliction of Emotional Distress (Fifth Claim for Relief).

  3. Plaintiffs have not served the Complaint on PGV. PGV obtained a copy of the Complaint on or about August 5, 2016, when it was filed in the Third Circuit Court.

  4. No further proceedings have been had, and thirty days have not elapsed since this action became removable to this Court. Thus, removal of this action is timely under 28 U.S.C. § 1446(b).

  5. Defendant PGV has the right to remove Civil No. 16-1-0290 to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiffs and Defendant are citizens of different States, the amount in controversy exceeds $75,000, and Defendant is not a citizen of the State in which the action has been filed.

6. Plaintiffs assert in their Complaint that PGV is a "Hawai`i general domestic partnership organized on or about July 27, 1981, and registered on or about March 23, 1982, doing business in the County of Hawai`i, State of Hawai`i." Ex. 1 (Compl. ¶ 10).

7. For purposes of establishing diversity jurisdiction, an unincorporated association, such as PGV, is deemed to be a citizen of the State(s) where its partners or members are citizens. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1015, 194 L.Ed.2d 71 (2016) (diversity jurisdiction in a suit by or against an unincorporated entity depends on the citizenship of all its members).

8. PGV's general partners are Orni 8 LLC and OrPuna LLC.

9. Both Orni 8 LLC and OrPuna LLC are limited liability companies established in the State of Delaware. The sole member of both entities is Ormat Nevada Inc., a corporation incorporated in Delaware, and whose place of business is Nevada.

10. For purposes of diversity jurisdiction, PGV is a citizen of Delaware and Nevada.

11. Each named Plaintiff is a resident of the State of Hawai`i. Ex. 1 (Compl. ¶¶4-9).

12. The class of persons Plaintiffs seek to represent includes "All residents who lived in lower Puna impacted by PGV's release of toxic gasses in the wake of Hurricanes [sic] Iselle." Ex. 1 (Compl. ¶ 13).

13. Since Plaintiffs, on the one hand, and PGV on the other, are citizens of different states, diversity jurisdiction has been established.

14. The Complaint prays for injunctive relief and damages (general, special, consequential, punitive, as well as diminution in value to Plaintiffs' real property due to PGV's alleged toxic release of chemicals and operation), attorneys' fees, and interest. Ex. 1 (Compl. at 12).

15. The Complaint does not specify the amount of damages sought. However, Plaintiffs have previously represented that "*just their property damages alone total several million dollars.*" The Ninth Circuit has held a settlement demand letter sent in advance of a lawsuit with statements relating to the amount in controversy may be used to support removal to Federal Court.

968774v1 / 9999 - 2

*Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

16. Plaintiffs' own preliminary estimation of their property damages clearly exceeds the $75,000 per Plaintiff amount in controversy jurisdictional threshold of this Court.

17. Plaintiffs also seek "to enjoin PGV's operation until the full potential for harm to the surrounding community is understood." Under Ninth Circuit law, the Court may look to the cost to Defendant of complying with an injunction sought in determining the amount in controversy. *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958-59 (9th Cir. 2001) ("where the cost to defendant of complying with the injunction exceeds [the jurisdictional] amount" the cost of compliance "represents the amount in controversy for jurisdictional purposes.")

18. Here, if an injunction were to issue halting PGV's operations, it would quickly cause PGV losses and costs in excess of

968774v1 / 9999 - 2

$450,000 in a very short amount of time—less than a week.[1] Enjoining PGV's operations for however long it took "until the full potential for harm to the surrounding community is understood"' (assuming such an injunction is feasible or necessary) would necessarily cause the amount in controversy to exceed the jurisdictional threshold.

19. There is sufficient evidence establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

20. Accordingly, PGV has satisfied the requirements of demonstrating complete diversity and amount in controversy. Removal is proper.

21. Venue is proper in the District of Hawai`i pursuant to 28 U.S.C. § 1391 inasmuch as the events giving rise to the instant lawsuit, as alleged in the Complaint, occurred in the District of Hawai`i.  Ex. 1 (Compl. ¶ 1).

22. Pursuant to 28 U.S.C. § 1446(d), PGV will provide Plaintiff with written notice of the filing of this Notice of Removal,

---

[1] Damages of $75,000 would be incurred in less than one day.

and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Third Circuit, State of Hawai`i.

23. By filing this Notice of Removal, Defendant does not waive any defenses to the Complaint.

Based on the foregoing, Defendant hereby respectfully removes this action to the United States District Court for the District of Hawai`i.

DATED: Honolulu, Hawai`i, August 25, 2016.

    /s/ PAUL ALSTON
PAUL ALSTON
JUDY A. TANAKA
NICKOLAS A. KACPROWSKI
MAILE OSIKA

Attorneys for Defendant
PUNA GEOTHERMAL VENTURE