FILED

2016 AUG -5 PM 1:44

L. GLASGOW, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

LYNCH HOPPER SMITH, LLP
P. KYLE SMITH 9533
970 N Kalaheo Ave., # A301
Kailua, HI 96734
Phone: (808) 791-9555
kyle@lynchhoppersmith.com

CHARLES M. HEAUKULANI 5556-0
P.O. Box 4475
Hilo, HI 96720
Phone: (808) 895-0615
bigislandlaw@earthlink.net

GARY C. ZAMBER 8446
21 Waianuenue Ave., # 3
Hilo, HI 96720
Phone: (808) 969-3600
gzamber@gmail.com
*Attorneys for Plaintiffs*

**IN THE CIRCUIT COURT OF THE THIRD CIRCUIT**

GEORGE DOUVRIS, STEPHANIE DOUVRIS, MICHAEL HALE, CHERYL CAROCCI, HILLARY E. WILT and CHRISTINA BRYAN, for themselves and on behalf of all others similarly situated,

Plaintiffs,

vs.

PUNA GEOTHERMAL VENTURE, a Hawai`i Partnership, and DOE DEFENDANTS 1-10,

Defendants.

Civil No. 16-1-0290
(Hilo)
(Other Non-Vehicle Tort)

**CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL; SUMMONS**

**CLASS ACTION COMPLAINT**
**FOR DAMAGES & INJUNCTIVE RELIEF**

Plaintiffs George Douvris, Stephanie Douvris, Michael Hale, Cheryl Carocci, Hillary E. Wilt and Christina Bryan, on behalf of themselves and others similar situated allege that:

 EXHIBIT "1"

PAID AUG 05 2016

CR # 243326 #200 # 243327 #65 # 243328 #50

## I.

## JURISDICTION AND VENUE

1) This Court has jurisdiction and venue over the above Defendants under Hawaii Revised Statutes § 634-35, because the causes of action arise as the result of Defendants' business transactions within this state, Defendants' commission of alleged tortious acts and injuries within this state, and the Defendants' and Plaintiffs' use and possession of real property within this state. Defendants are subject to the jurisdiction of this Court because they reside and conduct business in this Circuit.

2) This Court has subject matter jurisdiction over this action under Hawai`i Revised Statute § 603-21.5.

3) Venue is proper before this Court under Hawai`i Revised Statute § 603-36.

## II.

## PARTIES

4) Plaintiffs are residents of the lower Puna District of the County of Hawai'i, State of Hawai'i.

5) Plaintiffs George Douvris and Stephanie Douvris were at all times relevant residents of the lower Puna District of the County of Hawai`i, State of Hawai`i.

6) Plaintiff Michael Hale was at all times relevant a resident of the lower Puna District of the County of Hawai`i, State of Hawai`i.

7) Plaintiff Cheryl Carocci was at all times relevant a resident of the lower Puna District of the County of Hawai`i, State of Hawai`i.

8) Plaintiff Hillary E. Wilt was at all times relevant a resident of the lower Puna District of the County of Hawai`i, State of Hawai`i.

9) Plaintiff Christina Bryan was at all times relevant a resident of the lower Puna District of the County of Hawai`i, State of Hawai`i.

10) Defendant Puna Geothermal Venture (PGV) is a Hawai`i general domestic partnership organized on or about July 27, 1981, and registered on or about March 23, 1982, doing business in the County of Hawai`i, State of Hawai`i.

11) Plaintiffs have reviewed records that were made available to them in order to ascertain the true and full names and identities of all defendants in this action, but no further knowledge or information regarding the parties responsible is available at this time and Plaintiff is unable to ascertain the identity of the defendants in this action designated as DOE DEFENDANTS 1-10 ("Doe Defendants"). Doe Defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiff except that they may be connected in some manner with Defendants and may be agents, attorneys, servants, employees, employers, representatives, co-venturers, co-conspirators, associates, or independent contractors of Defendants and/or were in some manner responsible for the injuries or damages to Plaintiff and their true names, identities, capacities, activities and responsibilities are presently unknown to Plaintiff or their attorneys.

## IV.

## CLASS ALLEGATION

12) A class action is alleged pursuant to Hawaii Rule of Civil Procedure 23.

13) Plaintiffs seek to represent a class of persons ("Class") that includes:

**All residents who lived in lower Puna impacted by PGV's release of toxic gasses in the wake of Hurricanes Iselle.**

14) The Class consists of hundreds of residents of lower Puna from August 7, 2014, to the present and is so numerous that joinder of all individual plaintiffs would be impractical.

15) The Class involves questions of law and fact common to all individual members of the Class, including the common facts, conduct, practices, procedures, liability and defenses associated with PGV's toxic release in the wake of Hurricane Iselle.

16) The claims and damages sought by the Class are typical of the claims and relief that could be sought by individual members of the class. Specifically, all members have suffered similar injury and damages as a result of Defendants' conduct and the claims and defenses of the Class arise from the same conduct by Defendants and are based on the same legal theories.

17) Plaintiffs will adequately and fairly represent the interests of individual members of the proposed Class in that they are similarly situated persons who live in lower Puna during PGV's toxic release.

18) Finally, prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class. Accordingly, a class action under Rule 23 of the Hawaii Rules of Civil Procedure is in the best interests of judicial economy.

## V.

## FACTUAL ALLEGATIONS

19) PGV operates a geothermal energy facility at Kapoho, Puna, Hawai`i.

20) PGV's facility generates electricity that is sold to HELCO and delivered by high capacity transmission lines that are vulnerable to disruption during severe weather.

21) On or about July 31, 2014, Hurricane Iselle developed from an area of disturbed weather southwest of Mexico.

22) By August 4, 2014, Iselle reached peak intensity with maximum sustained winds of 140 mph, making it a Category 4 hurricane and the strongest hurricane to make landfall on the Big Island in recorded history.

23) On August 6, 2014, then-governor Neil Abercrombie signed an emergency proclamation into effect in anticipation of the arrival of two tropical cyclones: Iselle forecast to impact the state starting on Thursday, August 7, 2014, with Hurricane Julio a few days behind Iselle possibly impacting the islands on Sunday, August 10, 2014.

24) When Iselle made landfall at approximately 7:30 p.m. on Thursday, August 7, 2014, Hurricane Julio was a Category 2 hurricane, which means PGV and HELCO faced the imminent threat of two back-to-back hurricanes.

25) In lower Puna, albizia trees present a known risk throughout the area to access and power availability during storms. Indeed, transmission lines are commonly lost, resulting in grid malfunction, during storms on the Big Island and in lower Puna fallen trees frequently obstruct access even during ordinary local storms.

26) Despite this known risk, PGV remained in operation during Iselle in a situation that had the foreseeable result of falling trees and branches breaking transmission lines and creating an emergency upset condition at PGV.

27) On Thursday, August 7, 2014, as Iselle began battering lower Puna, wind-blown trees and branches broke HELCO electric transmission lines, causing PGV to initiate emergency release of geothermal fluids through the plant's steam relief system to avoid over-pressure in the plant.

28) According to a regulatory citation subsequently issued to PGV, from approximately 7:25 p.m. to 9:18 p.m. on August 7, 2014, a failure of PGV's Pressure Release Valve (PRV)

servicing PGV's KS-9 resulted in accumulated well-head gas or geothermal fluid being released into the atmosphere without first passing through an abatement system.

29) The release dumped noxious gas and chemicals, including toxic hydrogen sulfide ($H_2S$), into communities surrounding the geothermal facility that resulted in a drift plume of toxic gases into the community.

30) When PGV reported its upset condition to Hawai`i County Civil Defense, officials attempted an emergency response and broadcast public notice advising residents to evacuate if they experienced discomfort.

31) Unfortunately, emergency responders were unable to reach PGV due to fallen trees and branches and residents wishing to leave were not able to evacuate for the same reason.

32) Residents report smelling noxious gas odors that were stronger than they had ever smelled before.

33) Many trapped residents also suffered personal injuries, including symptoms associated with $H_2S$ exposure.

**FIRST CLAIM FOR RELIEF**
**(Negligence)**

34) PGV has an obligation to conduct its operation is a safe manner that will not result in the release of toxic gasses into the surrounding community of Puna.

35) Despite knowledge of the risks presented by Hurricanes Iselle and Julio, PGV remained in operation and gave no warning to residents of lower Puna of the risks posed to their persons and property from ongoing operation of PGV's facility.

36) Plaintiffs contend that PGV's ongoing operation and failure to warn residents was negligent in the face of two approaching hurricanes.

37) Further, PGV's negligence caused the release of toxic chemicals into the surrounding community, a material impact to the health of the residents, an increase in health risks for residents, and a reduction in the value and beneficial use and enjoyment of Class homes.

38) Because of PGV's negligence, Plaintiffs have incurred expenses and other damages as a result in an amount to be proven at trial.

39) PGV's conduct was also undertaken with reckless disregard for the foreseeable consequences to Plaintiffs.

40) PGV's conduct therefore justifies an award of exemplary or punitive damages in an amount to be proven at the trial of this matter.

41) As a proximate and legal result of PGV's negligence, Class members have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## SECOND CLAIM FOR RELIEF
**(Strict Liability)**

42) Plaintiffs repeat and incorporate the above paragraphs herein.

43) Operation of PGV's geothermal facility in lower Puna is an abnormally dangerous activity because PGV has not, and cannot, eliminate the risks of a toxic release of gases into the community.

44) Toxic releases from PGV's geothermal facility adversely impact the health and property of persons who live in the drift zone of such releases as well as property values for all properties in the general neighborhood.

45) PGV's operation has caused multiple releases of toxic chemicals into the surrounding community, a material impact to the health of the residents, an increase in health risks for residents, and a reduction in the value and beneficial use and enjoyment of residents' homes.

46) PGV is strictly liable for all damages that arise from its operation.

47) Further, PGV's conduct has been undertaken with reckless disregard for the foreseeable consequences to the community. Indeed, despite knowledge of the hazards posed by its operation and Hurricanes Iselle and Julio, PGV failed to take steps to prevent the release of toxic gases into the community nor did it provide any adequate and timely warning to residents.

48) PGV's reckless conduct therefore justifies an award of exemplary or punitive damages in an amount to be proven at the trial of this matter.

49) Because of PGV's abnormally dangerous activities, it has been necessary for the Class to incur expenses and other special damages in an amount to be proven at trial.

50) As a proximate and legal result of PGV's conduct, Class members have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Trespass)**

51) Plaintiffs repeat and incorporate the above paragraphs herein.

52) PGV's abnormally dangerous operation, as well as its negligent and reckless conduct, has repeatedly caused the release of dangerous chemicals into the surrounding community and

property in possession of Plaintiffs.

53) PGV's conduct has caused injury both to the land and health of Plaintiffs.

54) Specifically, PGV's operation has caused multiple releases of toxic chemicals into the surrounding community, a material impact to the health of the residents, an increase in health risks for residents, and a reduction in the value and beneficial use and enjoyment of residents' homes.

55) PGV is therefore liable for the trespass of its toxic chemicals into the community of Puna and onto the property of Plaintiffs.

56) Because of the invasion of toxic chemicals onto Plaintiffs' property, it has been necessary for the Plaintiffs to incur expenses and other special damages in an amount to be proven at trial.

57) Further, PGV's conduct has been undertaken with reckless disregard for the foreseeable consequences to the community. Indeed, despite knowledge of the hazards posed by its operation and Hurricanes Iselle and Julio, PGV failed to take steps to prevent the release of toxic gases into the community nor did it provide any adequate and timely warning to residents.

58) PGV's reckless conduct therefore justifies an award of exemplary or punitive damages in an amount to be proven at the trial of this matter.

59) As a proximate and legal result of PGV's conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

**FOURTH CLAIM FOR RELIEF**

**(Nuisance)**

60) Plaintiffs repeat and incorporate the above paragraphs herein.

61) PGV's operation has caused multiple releases of toxic chemicals into the surrounding community, a material impact to the health of the residents, an increase in health risks for residents, and a reduction in the value and beneficial use and enjoyment of residents' homes.

62) PGV's repeated release of toxic chemicals has resulted in harm, inconvenience, and damage to the Class, which has unlawfully annoyed and disturbed the Class' free use, possession, and enjoyment of their property.

63) PGV's operation constitutes a nuisance to Plaintiffs.

64) PGV is therefore liable for the damages that are the legal and proximate result of the nuisance created by its operation.

65) Because of the invasion of toxic chemicals onto Plaintiffs' property, it has been necessary for the Plaintiffs to incur expenses and other damages in an amount to be proven at trial.

66) Further, PGV's conduct has been undertaken with reckless disregard for the foreseeable consequences to the community. Indeed, despite knowledge of the hazards posed by its operation and Hurricanes Iselle and Julio, PGV failed to take steps to prevent the release of toxic gases into the community nor did it provide adequate and timely warning to residents.

67) PGV's reckless conduct therefore justifies an award of exemplary or punitive damages in an amount to be proven at the trial of this matter.

68) As a proximate and legal result of PGV's conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## FIFTH CLAIM FOR RELIEF
### (Negligent & Intentional Infliction of Emotional Distress)

69) Plaintiffs repeat and incorporate the above paragraphs herein.

70) PGV's intentional, negligent and/or reckless conduct, acts, and omissions have caused emotional distress by causing fear in the community from PGV's repeated toxic releases.

71) Because of the invasion of toxic chemicals onto Plaintiffs' property, it has been necessary for the Plaintiffs to incur expenses and other damages in an amount to be proven at trial.

72) Further, PGV's conduct has been undertaken with reckless disregard for the foreseeable consequences to the community. Indeed, despite knowledge of the hazards posed by its operation and Hurricanes Iselle and Julio, PGV failed to take steps to prevent the release of toxic gases into the community nor did it provide adequate and timely warning to residents.

73) PGV's reckless conduct therefore justifies an award of exemplary or punitive damages in an amount to be proven at the trial of this matter.

74) As a proximate and legal result of PGV's conduct, Plaintiffs have been compelled to resort to litigation and therefore request an award of all consequential damages, including, but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant PGV and in favor of the Plaintiffs as follows:

1. Preliminary and permanent injunctive relief to require PGV to give adequate warning to all Plaintiffs of the risks posed by its operations, and to enjoin PGV's operation until the full potential for harm to the surrounding community is understood;
2. General, special, and consequential damages in an amount to be proven at trial;
3. Diminution in value to Plaintiffs' real property due to PGV's toxic release of chemicals and operation;
4. Punitive damages for PGV's wanton, reckless, and grossly negligent conduct;
5. Reasonable attorney's fees;
6. Any prejudgment interest provided by statute;
7. For such other and further relief as the Court may deem just and proper.

DATED: Hilo, Hawai'i, this 5th day of August, 2016.

KYLE SMITH
CHARLES M. HEAUKULANI
GARY C. ZAMBER
*Attorneys for Plaintiffs*

LYNCH HOPPER SMITH, LLP
P. KYLE SMITH 9533
970 N Kalaheo Ave., # A301
Kailua, HI 96734
Phone: (808) 791-9555
kyle@lynchhoppersmith.com

CHARLES M. HEAUKULANI 5556-0
P.O. Box 4475
Hilo, HI 96720
Phone: (808) 895-0615
bigislandlaw@earthlink.net

GARY C. ZAMBER 8446
21 Waianuenue Ave., # 3
Hilo, HI 96720
Phone: (808) 969-3600
gzamber@gmail.com
*Attorneys for Plaintiffs*

**IN THE CIRCUIT COURT OF THE THIRD CIRCUIT**

| | |
|---|---|
| GEORGE DOUVRIS, STEPHANIE DOUVRIS, MICHAEL HALE, CHERYL CAROCCI, HILLARY E. WILT and CHRISTINA BRYAN, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PUNA GEOTHERMAL VENTURE, a Hawai`i Partnership, and DOE DEFENDANTS 1-10,<br><br>Defendants. | Civil No. 16-1-0290<br>(Hilo)<br>(Other Non-Vehicle Tort)<br><br>**DEMAND FOR JURY TRIAL** |

DEMAND FOR JURY TRIAL

Plaintiffs GEORGEDOUVRIS, et al., on behalf of themselves and all others similarly situated, pursuant to Rule 38 of the Hawaii Rules of Civil Procedure, by and through their



PAID AUG 0 5 2016
CR # 243326 $200 [illegible]

undersigned counsel, hereby demands trial by jury on all issues triable herein.

DATED: Hilo, Hawaii, this 5th day of August 2016.

KYLE SMITH
CHARLES M. HEAUKULANI
GARY C. ZAMBER
*Attorneys for Plaintiffs*

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>THIRD CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>16-1-0290 |
|---|---|---|

| PLAINTIFF vs. | DEFENDANT |
|---|---|
| GEORGE DOUVRIS, STEPHANIE DOUVRIS, MICHAEL HALE, CHERYL CAROCCI, HILLARY E. WILT and CHRISTINA BRYAN, for themselves and on behalf of all others similarly situated, | PUNA GEOTHERMAL VENTURE, a Hawai`i Partnership; DOE DEFENDANTS 1-10, |
| PLAINTIFF'S ADDRESS PHONE NUMBER<br>LYNCH, HOPPER, SALZANO & SMITH<br>P. KYLE SMITH<br>970 N Kalaheo Ave., # A301<br>Kailua, HI 96734<br>Phone: (808) 791-9555 | CHARLES M. HEAUKULANI<br>5556-0 P.O. Box 4475 Hilo, HI 96720<br>Phone: (808) 895-0615<br><br>GARY C. ZAMBER 8446<br>21 Waianuenue Ave., # 3, Hilo, HI 96720<br>Phone: (808) 969-3600 |

TO THE ABOVE NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon P. Kyle Smith, Esq. of LYNCH, HOPPER, SALZANO & SMITH, plaintiff's attorney, whose address is 970 N Kalaheo Ave., # A301, Kailua, HI 96734 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.

A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.

| DATE ISSUED | CLERK |
|---|---|
| AUG 05 2016 | [signature] |

| I do hereby certify that this is a full, true, and correct copy of the original on file in this office. | CIRCUIT COURT CLERK |
|---|---|

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office at PHONE NO. 961-7440, FAX 961-7416, or TTY 961-7525 at least ten (10) working days prior to your hearing or appointment date.