IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE DOUVRIS, ET AL., | ) | CIV. NO. 16-00472 BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER GRANTING PLAINTIFFS' |
| vs. | ) | MOTION FOR JOINDER OF |
| | ) | NON-DIVERSE DEFENDANT AND |
| PUNA GEOTHERMAL VENTURE, | ) | REMAND UNDER 28 U.S.C. 1447(e) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFFS' MOTION FOR JOINDER OF
NON-DIVERSE DEFENDANT AND REMAND UNDER 28 U.S.C. 1447(e)

Before the Court is Plaintiffs'[1] Motion for Joinder of Non-Diverse Defendant and Remand Under 28 U.S.C. 1447(e) (Doc. 9). The Court heard this Motion on November 17, 2016. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court GRANTS the Motion and remands this action to state court.

BACKGROUND

On August 5, 2016, Plaintiffs filed a class action Complaint in state court against Defendant Puna Geothermal Venture ("PGV"), regarding the August

---

[1] Plaintiffs seek to represent a class, which consists of "hundreds of residents of lower Puna from August 7, 2014 to the present and is so numerous that joinder of all individual plaintiffs would be impractical." (Complaint at 3.)

2014 release of hydrogen sulfide and other noxious gases into the atmosphere during Hurricane Iselle.  (Complaint at 1, 3-4.)  The Complaint asserts claims against PGV for negligence, strict liability, trespass, nuisance, and negligent and intentional infliction of emotional distress.  (Id. at 6-11.)  Plaintiffs pray for injunctive relief and general, special, consequential, and punitive damages.  (Id. at 12.)

After filing the Complaint in state court, Plaintiffs did not serve the Complaint on PGV because they were evaluating potential claims against Hawaii Electric Light Company ("HELCO"), which allegedly asked PGV to stay in operation during Hurricane Iselle.  (Motion at 2, 5.)  However, before being served with the Complaint, PGV became aware of the lawsuit and removed the case to federal court on August 25, 2016 on the basis of diversity jurisdiction.  (Id. at 2, 5.)

Plaintiffs now move to join HELCO as a Defendant under 28 U.S.C. § 1447(e), which authorizes joinder of defendants who would destroy jurisdiction.  (Id. at 5.)  In this case, because HELCO is a Hawaii corporation, it would destroy diversity jurisdiction and its joinder would require remand of this case to state court.  (Id.)  As discussed below, the parties dispute whether joinder of HELCO is appropriate.

## DISCUSSION

Plaintiffs seek leave to assert claims against HELCO and remand this action to state court.  (Motion at 5.)  Inasmuch as HELCO's joinder will destroy this Court's diversity jurisdiction, the parties agree that this Court must analyze HELCO's joinder under 28 U.S.C. § 1447(e), which provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  The decision to allow joinder under Section 1447(e) is discretionary.  Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

In deciding whether to allow the joinder of a non-diverse defendant under § 1447(e), courts balance the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Ansagay v. Dow Agrosciences LLC, Civ. No. 15-00184 SOM-RLP, 2015 WL 9412856, at *3 (D. Haw. Dec. 3, 2015).

At the hearing on this Motion and in their Reply brief, Plaintiffs concede the first two factors – whether joinder is mandatory under Rule 19(a) and

3

whether the statute of limitations bars claims against HELCO in state court – weigh against joining HELCO. However, Plaintiffs argue that the remaining factors support HELCO's joinder and remand of this case.

PGV argues that Plaintiffs' motive in joining HELCO is the most important factor to consider. (Opp. at 2.) Although Plaintiffs readily admit that they "would prefer to return to state court" (Reply at 4), the Court finds that defeating diversity jurisdiction is not their <u>sole</u> motive for joining HELCO. See <u>Ansagay</u>, 2015 WL 9412856, at *3. Indeed, Plaintiffs contemplated suing HELCO prior to filing the Complaint and informed HELCO of their intent in a demand letter. (Ex. 1 attached to Opposition.) Both the demand letter and Plaintiffs' proposed First Amended Complaint specify HELCO's conduct as it relates to the release of noxious gas by PGV. Plaintiffs' First Amended Complaint asserts claims against HELCO for negligence, negligence and intentional infliction of emotional distress, breach of contract, breach of the implied duty of good faith and fair dealing, and unfair and deceptive trade practices. (Ex. 1 attached to Motion.) In light of Plaintiffs' prior intention to hold HELCO liable for its conduct, the Court finds that Plaintiffs' request to join HELCO is not solely motivated to defeat diversity jurisdiction. See <u>Ansagay</u>, 2015 WL 9412856, at *3. Consequently, this factor weighs in Plaintiffs' favor.

With respect to whether there has been unexplained delay in requesting HELCO's joinder, Plaintiffs explain that they did not name HELCO in the original Complaint because they were evaluating claims against HELCO and ultimately decided "to file the PGV complaint to avoid any statutory problems and hold off service so that Plaintiffs' counsel could make a final decision on whether to allege contract and UDAP claims against HELCO that had no similar statute of limitations." (Reply at 5.)   Plaintiffs anticipated that they could add claims against HELCO as a matter of course pursuant to Rule 15(a) prior to serving the Complaint on PGV, but Plaintiffs were unable to amend under Rule 15(a) once the case was removed.   Further, the Court notes that any delay in seeking HELCO's joinder was minimal insofar as Plaintiffs' request was made thirty days of removal.   The Court finds that Plaintiffs provide an adequate explanation for delaying the present request to add HELCO and, therefore, this factor weighs in favor of joining HELCO as a Defendant.

This Court must also consider whether the new claims against HELCO "appear valid."   Ansagay, 2015 WL 9412856, at *3.   Plaintiffs "need only state one valid claim for purposes of" § 1447(e).   McDonald v. Forest Labs., Inc., Civ. No. 13-00819 YGR, 2013 WL 1949349, at *2 (N.D. Cal. May 9, 2013).   One of the claims Plaintiffs assert against HELCO (and PGV) is for unfair and deceptive trade

practices under Hawaii Revised Statutes § 480-2, which makes unfair and deceptive practices in the conduct of any trade or commerce unlawful. Plaintiffs allege that HELCO and PGV engage in "trade or commerce" by selling electricity. (Ex. 1 attached to Motion.) Plaintiffs further allege that HELCO and PGV misrepresented geothermal energy as safe renewable energy and failed to disclose the hazards and risks associated with the release of toxic gases into the atmosphere. (Ex. 1 attached to Motion.) To the extent Plaintiffs allege that HELCO and PGV mislead consumers about the safety of geothermal electricity, Plaintiffs' claim under Hawaii Revised Statutes § 480-2 "appears valid." See Ansagay, 2015 WL 9412856, at *3. Given the apparent validity this claim, the Court need not consider Plaintiffs' other claims and finds that this factor weighs in favor of allowing HELCO to be joined in this case. Stout v. Int'l Bus. Machines Corp., Civ. No. 16-4914 FMO-AJWx, 2016 WL 4528958, at *9 (C.D. Cal. Aug. 30, 2016) ("Given the court's determination that [the plaintiff] has alleged at least one valid claim against Mullaney for false imprisonment, the court need not evaluate the validity of the other claims."); Ruscigno v. Hillstone Restaurant Group Inc., Civ. No. 09-05766 JF-PVT, 2010 WL 934265, at *3 (N.D. Cal. March 15, 2010) ("the apparent validity of the first claim favors for allowing joinder and remand").

Lastly, the Court considers whether denying HELCO's joinder will prejudice Plaintiffs.  If joinder is denied, Plaintiffs will have to pursue two separate lawsuits on two different islands – one in federal court in Honolulu, Oahu against PGV and one in state court in Hilo, Big Island against HELCO.  Each lawsuit arises from the same events, and witnesses and evidence – all of which are located on the Big Island – will overlap between the cases.  The cost and delay of pursuing duplicative litigation in separate forums, as well as the risk of inconsistent adjudications, would prejudice Plaintiffs' ability to effectively prosecute their claims.[2]  On the other hand, PGV will not be prejudiced by joining HELCO and remanding this case because this case is in its early stages and nothing substantive has happened yet.

In balancing the foregoing factors, the Court finds that they weigh in favor of joining HELCO as a Defendant in this case.  Although Plaintiffs concede the first two factors, the balance of the remaining factors tilt in Plaintiffs' favor to join HELCO.  Indeed, Plaintiffs sufficiently explained the delay in adding HELCO, Plaintiffs' motive in joining HELCO is not solely to defeat diversity jurisdiction, the UDAP claim against HELCO appears to be valid, and denial of HELCO's joinder

---

[2] At the hearing on this Motion, defense counsel offered to hold trial and hearings in the state court facilities located in Hilo, Big Island.  However, this Court has only one place of sitting and, by statute, "Court shall be held at Honolulu."  28 U.S.C. § 91.  While it is true that the Court travels to neighbor islands for minor National Park cases, substantial cases like this one are heard only in Honolulu.

will likely prejudice Plaintiffs. Accordingly, the Court exercises its discretion in permitting HELCO's joinder as a Defendant in this case pursuant to 28 U.S.C. § 1447(e). It is undisputed that HELCO destroys this Court's diversity jurisdiction and that this case must be remanded to state court. Consequently, this Court GRANTS Plaintiffs' Motion, permits the joinder of HELCO, and remands this case to state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Joinder of Non-Diverse Defendant and Remand Under 28 U.S.C. 1447(e) (Doc. 9). The Clerk of Court is directed to remand this action to state court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 12, 2016.

/s/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

George Douvris, et al. v. Puna Geothermal Venture, CIV. NO. 16-00472 BMK, ORDER GRANTING PLAINTIFFS' MOTION FOR JOINDER OF NON-DIVERSE DEFENDANT AND REMAND UNDER 28 U.S.C. 1447(e).